## SIGNATURE PLACED ON NOTE AFTER MATURITY.

Circuit Court of Cuyahoga County.

J. M. DWINELL V. M. A. SPRAGUE.

Decided, November 28, 1910.

*Promissory Note—Third Party Signing After Maturity on Promise of Extension of time to Maker.*

One. who, upon request of the payee, but without knowledge of the maker, of a matured promissory note, signs said note as a maker, upon the agreement of the payee that he would extend the time for payment of 'the note, becomes personally liable thereon.

*D. T. Miller,* for plaintiff in error.
*E. H. Tracy,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties here are reversed from the relation in which they stood to each other in the court of common pleas. The terms plaintiff and defendant, as used in this opinion, will refer to the parties as they were in the original case.

The plaintiff filed a petition against H. N. Porter and ·J. M. Dwinell upon a promissory note, in the ordinary form, for $94.60, dated January 15, 1896, payable eight months after date. This note was signed on its face by the two defendants above named. On the back of the note, besides certain endorsements of payments, is this endorsement: "October 21, 1896, time extended eight mo. from -this date. M. A. Sprague per H. J. Fitch."

No service of summons was had upon Porter. Dwinell filed an amended answer, in which he set up as- a defense that the note was originally given and signed by H. N. Porter alone, and that the consideration for the note was given to H. N. Porter that on the 21st day. of October, one H. J. Fitch, who was the duly authorized agent of the plaintiff, Sprague, came to him (Dwinell) and requested him to sign his name on said note, stating that if he would sign the same as surety the time

of payment thereon would thereby be extended to the defendant Porter for a period of eight months; that he (Dwinell) in pursuance of such request of said Fitch, and at the request of no other person or persons, so signed said note; whereupon the endorsement, already mentioned, of October 21, 1896, was made. He says that Porter never requested the plaintiff to secure or attempt to secure the signature of Dwinell, and that Porter was wholly ignorant of the fact, that the plaintiff intended to request him to sign the note, and that at the time and for several years thereafter, Porter was wholly ignorant of the fact that he (Dwinell) had signed the note or that there had been any extension of the time of payment.

To this answer the plaintiff filed a demurrer and that demurrer was sustained. Thereupon the case was submitted to the court, without the intervention of a jury, upon the pleadings and evidence; on consideration whereof the report found for the plaintiff and assessed the damages at the amount appearing upon the note to be due, including interest.

No transcript of the evidence is filed here, and the only error claimed is that the court erred in sustaining the demurrer to the answer, and in entering judgment for the plaintiff.

Of course if this answer was good and if the evidence sustained it, the judgment was erroneous. But we are of opinion that the court did not err in sustaining this demurrer. The answer stated no defense.

It is urged on the part of the plaintiff in error that the signing by Dwinell was without consideration. But if the plaintiff was bound by the endorsement entered on the back of the note on the 21st of October, which, as the answer alleges, was placed thereon, because of the signing of the note by Dwinell, then there was sufficient consideration for this signing, for by that endorsement the plaintiff bound himself to refrain from forcing collection from Porter for a period of eight months from the time of such endorsement and at the time the endorsement was made the note had matured, and the plaintiff prior to such endorsement had a present right of action against Porter. By this endorsement he bound himself not to proceed upon such present right, and that was a sufficient consideration. The fact that

Porter knew nothing of this agreement does not defeat the contract, for if an effort had been made to enforce payment at once against Porter, it would have been his right to take advantage of this contract made for his benefit between the plaintiff and Dwinell, the plaintiff having received a consideration for his promise to defer, in that he obtained the signature of Dwinell upon the note.

On the part of the plaintiff it is urged that the signing of the note by Dwinell constituted a material alteration of the note which had the effect of releasing Porter, and made the instrument, after it was signed by Dwinell, simply the note of Dwinell, and that therefore there was a sufficient consideration on the part of Sprague for this signature of Dwinell; that, in effect, it was a release by the plaintiff of Porter from liability from the note, and the acceptance of a note from Dwinell in its stead. Authorities are not wanting for this claim, but whichever view is the right one, whether it be that Dwinell made himself liable to Porter e'ther as a principal or surety, or whether by reason of the alteration of the note he became the only party liable upon it, in either case Dwinell would not be released from liability, and the demurrer was properly sustained.

The judgment of the court was right and is affirmed.